IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 2:16-cv-00066-D

| | | |
|---|---|---|
| ESTATE OF MUSTAFA R. HOLLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CONSENT PROTECTIVE ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This is a Federal Tort Claims Act ("FTCA") action arising out of a motor vehicle accident between a moped on which Mustafa Holley was a passenger and a postal worker's vehicle on or about August 20, 2014. The plaintiff has requested Latrendra D. Hunter's personnel file in discovery, and Defendant has agreed to produce, in a redacted format in compliance with Fed. R. Civ. P., Rule 5.2(a), medical records and documents of prior incidents and observations of Latrendra D. Hunter, subject to a consent protective order, the disclosure of which is governed by 5 U.S.C. § 552a(b)(11).

As specifically provided by 5 U.S.C. § 552a(b)(11), the disclosure of medical records and of Latrendra D. Hunter's documents of prior incidents and observations, can be made pursuant to the order of a court of competent jurisdiction. To facilitate the production and receipt of medical records and of Latrendra D. Hunter's documents of prior incidents and observations in this proceeding, the parties have consented, through their respective counsel, to the entry of a Consent Protective Order for the protection of said files once the plaintiff obtains a protective order from this Court.

1

It is hereby ORDERED that:

1. Pursuant to 5 U.S.C. § 552a(b)(11), the defendant shall produce medical records and the documents of prior incidents and observations of Latrendra D. Hunter in this matter. The documents to be produced shall be redacted in a format in compliance with Fed. R. Civ. P., Rule 5.2(a).

2. The medical records as well as documents of prior incidents and observations of Latrendra D. Hunter produced pursuant to this Consent Protective Order shall not be publicly disclosed, discussed, or disseminated directly or indirectly by any person or entity with knowledge of this Consent Protective Order except in accordance with the terms of this Consent Protective Order. The medical records as well as documents of prior incidents and observations of Latrendra D. Hunter and the information contained therein may be used only for the prosecution or defense of the above-captioned proceeding and not for any other pending or threatened proceeding, or any other business or other purpose whatsoever. Except as expressly permitted herein or by further order of the Court, the medical records as well as documents of prior incidents and observations of Latrendra D. Hunter and the information contained therein shall be maintained and kept by the parties and all other person(s) permitted to receive copies of files, or portions thereof, as set out in paragraph 3 below ("Qualified Persons"), in a fully confidential manner, and shall not be given, shown, disclosed, disseminated, discussed or described, directly or indirectly, to or with any person(s) other than those set forth in paragraph 3 hereof ("Qualified Persons").

3. The following persons (hereinafter called "Qualified Persons") shall be the only persons who will be permitted to have access to medical records as well as documents of prior incidents and observations of Latrendra D. Hunter, and such access shall be permitted subject to the limitations set forth below:

(a) Each counsel of record for a party in this case, including outside and in-house lawyers, and such lawyers' staff to whom it is necessary that materials be disclosed for purposes of this proceeding.

(b) Each party, and any current or former partner, member, director, officer, employee or agent of a party who is requested by that party or any of its attorneys to assist in the prosecution of the claim or the preparation of the defense or to testify at a hearing in or trial of this proceeding;

(c) Independent experts or consultants retained by counsel for the purpose of assisting in this proceeding, including their staff to whom it is necessary that materials be disclosed for purposes of this proceeding, but only to the extent necessary for such expert or consultant to perform his assigned tasks in connection with this proceeding;

(d) Mediators and their staffs enlisted by all parties to assist in the resolution of this matter; and

(e) The Court and its personnel.

4. The parties shall notify all Qualified Persons who receive a copy of the medical records and documents of prior incidents and observations of Latrendra D. Hunter, or any portion thereof, in accordance with the foregoing paragraphs of this Consent Protective Order of the obligation to keep such information confidential. These Qualified Persons shall acknowledge their commitment to preserve the confidentiality of all information so designated before each of the medical records as well as documents of prior incidents and observations of Latrendra D. Hunter ("Confidential Information") is provided to each Qualified Person. Qualified Persons may not retain copies of confidential documents or the information therefrom, and such persons must return all copies, including portions thereof, of the documents subject to this Consent Protective Order to counsel

of record who provided such documents or information to them when their participation has ended or their need to have such documents and information ends, whichever comes first.

5. Nothing in this Order waives any objection to discovery or use at hearing or trial. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial. In the event that any "confidential" document or information is used in any court proceeding, it shall not lose its confidential status under this Consent Protective Order through such use, its use shall continue to be subject to the provisions of the Consent Protective Order that are not inconsistent with other orders by the court regarding use at trial, and the parties shall take all steps reasonably required to protect the confidentiality of the files subject to this Consent Protective Order, and all portions thereof, during such use.

6. Nothing herein shall limit a party's or her/its counsel's use of its own documents.

7. Before filing any information that has been designated "Confidential Information" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and

4

Case 2:16-cv-00066-D   Document 17   Filed 03/20/17   Page 4 of 5

opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

8. Upon the final conclusion of this proceeding, including all appeals:

    a. The provisions hereof relating to the access to and use of the documents subject to the Consent Protective Order and all confidential information therefrom shall continue to be binding on all persons entitled to access under the terms of this Consent Protective Order;

    b. Plaintiff shall either return to the defendant all originals and copies of medical records as well as documents of prior incidents and observations of Latrendra D. Hunter, including hearing exhibits, (including both paper and electronic versions); or destroy all originals and copies of medical records as well as documents of prior incidents and observations of Latrendra D. Hunter.

Dated: March 20, 2017

_Robert T. Numbers II_
Robert T. Numbers, II
United States Magistrate Judge